The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, AR 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Is it legal for Ashley County to house inmates from other states in a county detention facility operated by Ashley County?
I have found no specific legal prohibition against the housing of out-of-state inmates in a county detention facility. Thus, provided several requirements are met, it is my opinion that such housing would be legally permissible.
The first such requirement is that the county must be operating the detention facility pursuant to a grant of lawful authority, such as A.C.A. §§ 12-50-101 to -110 (Cum. Supp. 1991), A.C.A. §§12-41-301 to -308 (1987), A.C.A. §§ 12-41-201 to -210 (1987), or A.C.A. §§ 12-41-502 to -511 (1987 and Cum. Supp. 1991). Additionally, the prisoner must be in Arkansas pursuant to the lawful authority of this state and the state from which he or she has come. For example, the prisoner might be in Arkansas pursuant to the Interstate Corrections Compact, A.C.A §§ 12-49-101 to -103 (1987), the South Central Interstate Corrections Compact,
A.C.A. §§ 12-49-201 to -202 (1987), the Uniform Extradition Act, A.C.A. §§ 16-94-201 to -231 (1987), or the Interstate Agreement on Detainers, A.C.A. §§ 16-95-101 to -107 (1987). Finally, the inmate must lawfully be housed in the county facility rather than the Arkansas Department of Correction. Presumably, this could occur pursuant to the provisions of the Uniform Extradition Act,supra, the Interstate Agreement on Detainers, supra, a work-release program under A.C.A. §§ 12-30-401 to -408 (1987 and Cum. Supp. 1991), or under the authority of A.C.A. § 12-41-306
(1987), A.C.A. §§ 12-41-501 to -511 (1987), or A.C.A § 12-27-114
(Cum. Supp. 1991).
In conclusion, it is my opinion that if the above requirements are met, it would appear to be lawful for out-of-state prisoners to be housed in a county detention facility. It should be noted that the provisions cited above are not intended to be exhaustive. The application of any other basis for such an arrangement would require consideration of the particular circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch